IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DENNIS SHIPMAN,

                Plaintiff,

    v.

LOGISTICS HEALTH, INC.,[1]

                Defendant.

OPINION & ORDER

14-cv-651-jdp

---

Plaintiff Dennis Shipman was a first responder at ground zero on 9/11. After suffering subsequent injury, plaintiff filed a disability claim against the World Trade Center Health Program (WTCHP). Plaintiff alleges that defendant Logistics Health, Inc., first certified his mental and psychological disability claim, but dismissed his physical injury claim without an appeal hearing. Because plaintiff is proceeding *in forma pauperis*, I must screen plaintiff's amended complaint to determine whether it states a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). Having reviewed the complaint, I conclude that plaintiff has failed to properly state a claim under Federal Rule of Civil Procedure 8. However, I will allow plaintiff an opportunity to file a second amended complaint.

ALLEGATIONS OF FACT

The following facts are drawn from plaintiff's amended complaint. Plaintiff submitted a disability claim regarding injuries that he suffered as a first responder at ground zero on

---

[1] Plaintiff initially filed his complaint against Logistics Health, Inc. and the United States of America. Dkt. 1. He later filed an amended complaint, which dropped the United States as a defendant. Dkt. 5. The court will accept the amended complaint and consider it to be the operative pleading in this case.

9/11. Logistics Health certified that plaintiff had a mental or psychological disability, but it dismissed his physical injury claim that arose from the same occurrence. Logistics Health then denied plaintiff an appeal hearing. It is not clear to the court how these actions fell short of the proper procedure, or what these determinations meant for plaintiff. Plaintiff does not explain whether he was denied insurance coverage, money, or medical care to which he was entitled. Plaintiff alleges that the end result was a "determination to terminate treatment" by some combination of WTCHP, Logistics Health, and other agencies of the federal government. Dkt. 5, at 3.

ANALYSIS

Plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. Plaintiff's claim must also be plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Based on plaintiff's amended complaint, I understand him to be contending that defendant has: (1) deprived him of due process and equal protection of the law under the Fifth and Fourteenth Amendments to the U.S. Constitution, (2) retaliated against him in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, and (3) committed the tort of intentional infliction of emotional distress against him. However, plaintiff's complaint does not contain enough facts to explain how its denial of plaintiff's claim violated his federal or constitutional rights. Because plaintiff's complaint lacks sufficient facts to meet the pleading standard of Rule 8, I will dismiss it and give plaintiff an opportunity to file a second amended complaint with more information addressing these concerns.

Plaintiff should make clear to anyone reading the complaint:

2

- What plaintiff's claim was for, and to whom was it submitted, and when;

- What the procedure for considering his claim ought to have been;

- Who denied his claim and how they did so; and

- How the procedure they used was insufficient.

Plaintiff should also consider who should be named as defendants. At this point, defendant has named only Logistics Health as a defendant and so any wrong committed by any other entity described in his complaint will not be recoverable in this case. If he wants to proceed against any other entity, he must specifically name that entity and explain what that entity did to violate his rights.

Last, plaintiff should pay special attention to whether this case belongs in federal court. "Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'rs, Local 150 v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009). Unless a complaint raises a federal question, or alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, the case must be dismissed for want of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Plaintiff alleges both diversity jurisdiction and federal question jurisdiction. Dkt. 5, at 1-2. But plaintiff's allegations are insufficient. Plaintiff's listed address is in Maryland and he alleges that Logistics Health's address is in Wisconsin, but he does not plead the citizenship of either party. Plaintiff should either properly plead diversity for purposes of establishing jurisdiction under 28 U.S.C. § 1332, or explain how the actions that Logistics Health took against him raise a federal question for purposes of establishing jurisdiction under 28 U.S.C. § 1331.

ORDER

IT IS ORDERED that:

1. Plaintiff Dennis Shipman's first amended complaint is DISMISSED for failure to comply with Federal Rule of Civil Procedure 8.

2. Plaintiff may have until September 15, 2015, to submit a second amended complaint. If plaintiff fails to do so by this deadline, I will direct the clerk of court to enter judgment in favor of defendant.

Entered September 2, 2015.

                              BY THE COURT:

                              /s/
                              _____
                              JAMES D. PETERSON
                              District Judge