IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DENNIS SHIPMAN,

                Plaintiff,

  v.

LOGISTICS HEALTH, INC.,

                Defendant.

OPINION & ORDER

14-cv-651-jdp

---

Pro se plaintiff Dennis Shipman has attempted to sue defendant Logistics Health, Inc., for declining to certify his healthcare claim without providing him an appeal hearing. He seeks $500,000 in compensatory damages and $1,500,000 in punitive damages. I dismissed plaintiff's first amended complaint under Federal Rule of Civil Procedure 8, but allowed him leave to file a second amended complaint. Dkt. 6. Plaintiff has filed a second amended complaint, Dkt. 7, and a supporting brief, Dkt. 8. After considering plaintiff's filings, I understand that his claims arise out of injuries that he sustained while serving as a first responder on 9/11. The U.S. District Court for the Southern District of New York has original and exclusive jurisdiction over those claims. Accordingly, I will transfer the case there.

ALLEGATIONS OF FACT

The following facts are drawn from plaintiff's second amended complaint and from publicly available resources about the World Trade Center Health Program.

Plaintiff was a first responder at ground zero on 9/11. At some point thereafter, he submitted a claim to defendant regarding injuries that he suffered that day. Plaintiff alleges

that defendant contracts with the World Trade Center Health Program, in partnership with the Centers for Disease Control and Prevention under the U.S. Department of Health and Human Services, to facilitate medical care for those affected by 9/11. These programs were established under the Air Transportation Safety and System Stabilization Act (ATSSSA). Pub. L. No. 107-42, §§ 401-06, 115 Stat. 230 (2001) (codified as amended at 49 U.S.C. § 40101).

Defendant certified that plaintiff's mental or psychological disability was related to his experience on 9/11, but declined to certify that his physical injury claim was similarly related. In making its determination, defendant relied on the assessment of multiple doctors employed by the World Trade Center Health Program. Defendant then denied plaintiff an appeal hearing. The effect of defendant's determination was a denial of necessary medical treatment for plaintiff. Similarly, the Victim Compensation Fund denied another of plaintiff's claims.

ANALYSIS

Plaintiff alleges constitutional due process violations under 42 U.S.C. § 1983 and intentional infliction of emotional distress under state law. Plaintiff also mentions constitutional equal protection violations, retaliation under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, violations of "Chapter 5 § 500," and conspiracy. He contends that the court has jurisdiction under 28 U.S.C. § 1331, although state law claims may proceed in federal court only under 28 U.S.C. § 1367.

However, the ATSSSA vests the United States District Court for the Southern District of New York with "original and exclusive jurisdiction over all actions brought for any

2

claim (including any claim for loss of property, personal injury, or death) resulting from or relating to the terrorist-related aircraft crashes of September 11, 2001." ATSSSA § 408(b)(3); *see also In re World Trade Ctr. Disaster Site Litig.*, 521 F.3d 169, 174 (2d Cir. 2008). The language "resulting from or relating to" is expansive and includes claims relating to injuries sustained that day, like plaintiff's claims. *See, e.g.*, *Rodriguez v. Bush*, 367 F. Supp. 2d 765, 768-69 (E.D. Pa. 2005) (transferring a similar case to the Southern District of New York for resolution). Plaintiff's claims result from the attacks on 9/11. Accordingly, this court lacks jurisdiction.

When a court lacks jurisdiction, it may dismiss the case or, in the interest of justice, transfer it to a district where it could have originally been brought. 28 U.S.C. § 1631. Here, because the clock has been running and it is unclear when plaintiff's claims accrued, it is in the interest of justice to transfer the case to the Southern District of New York.

ORDER

IT IS ORDERED that this case is transferred to the United States District Court for the Southern District of New York.

Entered April 28, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge